**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**INDICTMENT FOR WIRE FRAUD**
**AND NOTICE OF FORFEITURE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 25- 167-BAJ-RLB |
| | : | |
| | : | |
| *versus* | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 981 |
| | : | 21 U.S.C. § 853 |
| DAYSHA RENEE BLOUNT | : | 28 U.S.C. § 2461 |

**THE GRAND JURY CHARGES:**

At all times relevant:

1. The defendant, **DAYSHA RENEE BLOUNT**, was a resident of LaPlace, Louisiana, and Gonzales, Louisiana.

2. **BLOUNT** maintained a bank account with Bank 1 (account ending x6524), a financial institution headquartered in Baton Rouge, Louisiana.

**The Paycheck Protection Program**

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

4. The CARES Act authorized funds for forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck

Protection Program ("PPP"). PPP proceeds could be used on certain permissible expenses, such as payroll costs, mortgage interest, rent, and utilities.

5. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative. The application required the business (through its representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain funds. In the application, the business was required to state its average monthly payroll expenses and its number of employees, among other things. These figures were used to calculate the amount of money the small business was eligible to receive. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

6. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender would fund the loan using its own monies, which were guaranteed by the United States Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA while processing the loan.

7. PPP loan proceeds were required to be used by the business on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business was eligible for the PPP loan it received, spent the loan proceeds on these permissible expense items within a designated period of time, and used a certain portion of the loan proceeds for payroll expenses.

**Relevant Financial Institutions**

8. Bank 2, Bank 3, and Bank 4 were financial institutions located in Texas, Arizona, and Florida, respectively. All three banks participated in the PPP as lenders and, as such, were authorized to lend funds to eligible borrowers under the terms of the PPP.

**The Scheme to Defraud**

9. Beginning in or about March 2021 and continuing until at least in or about August 2021, in the Middle District of Louisiana and elsewhere, the defendant, **DAYSHA RENEE BLOUNT**, devised a scheme and artifice to defraud the United States, through the SBA, Bank 2, Bank 3, and Bank 4, by filing false and fraudulent applications for PPP funds.

**Purpose of the Scheme**

10. The purpose of the scheme was for the defendant to unjustly enrich herself by obtaining PPP loan proceeds under false and misleading pretenses.

**Manner and Means**

11. In furtherance of the scheme, **BLOUNT** used the following manner and means, among others:

12. On or about March 20, 2021, **BLOUNT** electronically submitted a PPP application in her own name to Bank 2. In support of the application, **BLOUNT** submitted a document that purported to be a 2019 IRS Schedule C for a business named "Lex Terrae Advocates" ("LTA"), which represented that, in 2019, the business had more than $140,000 in gross income. In fact, as **BLOUNT** knew at the time, the purported tax document was fraudulent and it had never been filed with the IRS. **BLOUNT** also submitted an excerpt from a bank statement, which appeared to indicate that she had a bank account in February 2020 and the account had more than $9,000 in credits that month. In fact, as **BLOUNT** knew at the

time, the document had been fraudulently altered; the account reflected in the document had not been opened until a year later, in February 2021, and the credits and balance shown on the actual bank statement were significantly lower. Based on **BLOUNT's** representations, on or about April 1, 2021, Bank 2 disbursed $20,833 to **BLOUNT**.

13. Next, on or about April 7, 2021, **BLOUNT** electronically submitted another PPP application to Bank 2 in her own name. In support of the application, **BLOUNT** submitted a document that purported to be a 2020 IRS Schedule C, which represented that, in 2020, she had more than $100,000 in gross income. In fact, as **BLOUNT** knew at the time, the purported tax document was fraudulent and it had never been filed with the IRS. **BLOUNT** also submitted the same fraudulently-altered bank statement described above. Based on **BLOUNT**'s representations, on or about April 26, 2021, Bank 2 disbursed another $20,833 to **BLOUNT**.

14. On or about April 11, 2021, **BLOUNT** electronically submitted a PPP application in the name of Kingdom Living, LLC to Bank 3. In support of the application, **BLOUNT** submitted a document that purported to be a 2020 IRS Schedule C for this company, which represented that, in 2020, Kingdom Living, LLC had more than $140,000 in gross income. Indeed, all the numbers on the purported tax document were identical to the one described in Paragraph 12, but the business name, EIN, and tax year had been changed. As **BLOUNT** knew at the time, the purported tax document was fraudulent, and it had never been filed with the IRS. **BLOUNT** also submitted the same fraudulently-altered bank statement described above. Based on **BLOUNT's** representations, on or about May 7, 2021, Bank 3 disbursed another $20,833 to **BLOUNT**.

15. On or about April 29, 2021, **BLOUNT** electronically submitted a PPP application in the name of LTA to Bank 4. In support of the application, **BLOUNT** submitted the same fraudulent documents described in Paragraph 12 above. Based on **BLOUNT**'s representations, on or about May 17, 2021, Bank 4 disbursed another $20,833 to **BLOUNT**.

16. Finally, in or about August 2021, **BLOUNT** electronically submitted forgiveness applications for all four PPP loans where she falsely certified, among other things, that she used portions of the proceeds for payroll. Based on these false representations, the SBA forgave all four PPP loans.

17. Through her scheme to defraud, **BLOUNT** successfully gained control of more than $83,332 in fraudulent pandemic relief proceeds, to which she was not entitled.

**COUNTS ONE AND TWO**
**Wire Fraud**
**18 U.S.C. § 1343**

18. Paragraphs 1 through 17 of this Indictment are incorporated herein by reference as factual allegations.

19. On or about the dates below, in the Middle District of Louisiana and elsewhere, **DAYSHA RENEE BLOUNT**, the defendant herein, for the purpose of executing the aforesaid scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce the following:

| COUNT | APPROXIMATE DATE | WIRE TRANSFER DESCRIPTION |
|---|---|---|
| 1 | May 7, 2021 | An ACH transfer in the amount of $20,832.00 in PPP funds sent from Bank 3, located outside Louisiana, to |

| | | |
|---|---|---|
| | | bank account ending x6542 in the Middle District of Louisiana. |
| 2 | May 17, 2021 | An ACH transfer in the amount of $20,832.00 in PPP funds sent from Bank 4, located outside Louisiana, to bank account ending x6542 in the Middle District of Louisiana. |

Each of the above is a violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

20. Paragraphs 1 through 19 of this Indictment are incorporated herein by reference as factual allegations.

21. Upon conviction of either offense alleged in this Indictment, **DAYSHA RENEE BLOUNT**, the defendant herein, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) all property, real and personal, that constitutes or is derived from proceeds traceable to the violation, including but not limited to a sum of money equal to the amount of the proceeds of the offense.

22. If any of the above-described forfeitable property, because of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

KURT WALL
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

STEPHEN R. VICK, JR.
ASSISTANT U.S. ATTORNEY

**A TRUE BILL**

**REDACTED**
**PER PRIVACY ACT**

GRAND JURY FOREPERSON

12/3/2025
DATE

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City: Gonzales

County/Parish: Ascension

*Investigating Agency: MDLA

*Agent: Virginia Brandt

**Matter to be sealed:** ☐ Yes ☑ No

Related Case Information:

Superseding ☐ Docket Number ______

Same Defendant ☐ New Defendant ☐

Magistrate Case Number: ______

Search Warrant Case No.: ______

R 20/ R 40 from District of: ______

**Any Other Related Cases:** ______

**Defendant Information:**

Defendant Name: Daysha Renee Blount

Alias: ______

Address: ______

DOB: ______ SS / Alien#: ______ Sex: ___ Race: ______ Nationality: ______

**U.S. Attorney Information:**

AUSA: Stephen R. Vick Jr. Bar #: LBN 39515

**Interpreter:** ☐ Yes ☑ No **List language and/or dialect:** ______

**Location Status:**

Arrest Date: ______

☐ Already in Federal Custody as of ______

☐ Already in State Custody

☐ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 2

**Mandatory Minimum Charged?** ☐ Yes ☑ No

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 1,2 | F |
| | | | |
| | | | |
| | | | |

(May be continued on second sheet)

**Date:** 12/3/2025 **Signature of AUSA:** [signature]

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

***GRAND JURY RETURN***

Date: December 3, 2025

UNITED STATES OF AMERICA

VERSUS

DAYSHA RENEE BLOUNT

CRIMINAL CASE

NO. 25-167-BAJ-RLB

PRESENT: Jamie Flowers
Counsel for U.S.A.

Indictment filed.

* * * * *